IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **AXXIOM MANUFACTURING, INC.** | § | |
| Plaintiff | § | |
| | § | Case No. 4:14-cv-2055 |
| v. | § | |
| | § | Jury Demanded |
| **BLASTINGPARTS.COM** and | § | |
| **JOHN DOE** d/b/a | § | |
| BLASTINGPARTS.COM | | |
| Defendants | | |

## COMPLAINT

**AXXIOM MANUFACTURING, INC.**, files this action complaining of **BLASTINGPARTS.COM**, and for cause of action respectfully shows as follows:

### PARTIES

1. Plaintiff **Axxiom Manufacturing, Inc.** is a North Carolina Corporation with its principal office in Fresno, Texas.

2. Defendant **BLASTINGPARTS.COM** is an unregistered business entity conducting sales via the internet and doing business in Texas at the putative address of 2101 Cedar Springs Rd., Dallas, Texas.

3. **JOHN DOE** is one or more unknown individual(s) or entity(ies) who operate the BlastingParts.com website and do business as BlastingParts.com. The true name(s) of the Defendant(s) is/are unknown to Plaintiff at this time.

4. BlastingParts.com is a domain name—a unique name that identifies a website. Domain names and the right to use domain names are administered by the Internet Corporation for Assigned Names and Numbers (ICANN). To obtain the exclusive use of a domain name, an individual or entity must register the name with an

ICANN-accredited registrar. The registrar assures that the name is available, and then creates a record with the "WHOIS" service. The WHOIS service is a publicly available directory containing the identity, contact, and technical information of registered domain name holders. Anyone desiring to know who is behind a website domain name can make a request for that information via the WHOIS service.

5. Domain name registrants frequently use a proxy service to register a domain name, thus keeping their true identity private. In such case a query with the WHOIS service would only reveal the identity and contact information for the proxy rather than for the true domain name holder.

6. The true owner of BlastingParts.com has kept its identity private by registering the domain name, BlastingParts.com, via the proxy, Domains By Proxy, LLC. Domains By Proxy is located at 14747 N. Northsight Blvd., Suite 111, Scottsdale, Arizona.

7. Plaintiff believes that information obtained in discovery will reveal the identity of the individual or entity doing business as BlastingParts.com so that it may be served with process and properly named.

### JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because plaintiff's claims arise under federal laws relating to trademarks.

9. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 in that the state law claims are integrally interrelated with Plaintiff's federal claims and arise from a common nucleus of operative facts such that, in the furtherance of judicial economy, the state and federal law claims would normally be expected to be administered in the same lawsuit.

10. This Court has personal jurisdiction over the defendant BlastingParts.com because its maintains a place of business is in Texas, and it transacts business by selling its products within Texas and within the United States.

11. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because the Defendant does business within the Southern District of Texas and because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within the Southern District of Texas.

**Facts**

12. For more than 30 years Axxiom and its predecessors (collectively referred to herein as "Axxiom") have designed, manufactured, sold and serviced a variety of equipment used in the abrasive blasting industry, including abrasive metering valves and controls, abrasive blasting systems, abrasive and dust recovery systems, compressed air conditioning systems and related products.  These products are sold under the "Schmidt" brand name.

13. Axxiom has spent a significant amount of time, effort and money over the last 30 years on research, product design, testing, patenting, improving manufacturing methods, and marketing the Schmidt brand and products.  As a result, Schmidt branded products have earned the reputation of being innovative, industry leading, quality products.  They are widely recognized in the abrasive blasting industry, and are considered to be the standard of the industry.

14. The technology incorporated into several products manufactured by Axxiom is patented, and some of those patents have expired.  For example the patent describing the technology incorporated in the Schmidt Thompson valve is expired.  As a result, the design of the Thompson valve (and other off-patent products) are now widely

copied, although many of the copies are made with substandard materials, substandard tolerances, and undergo substandard quality control when compared with genuine Schmidt products. Schmidt products formerly protected by patent are referred to in the industry as "OEM" products (which stands for "original equipment manufacturer" in contrast to an "aftermarket" manufacturer). Only Axxiom can produce and sell Schmidt branded products. Axxiom uses trademarks to distinguish its products from the products of its competitors.

15. Specifically, Axxiom manufactures different Schmidt brand abrasive metering valves which are marketed as the *Thompson* valve, the *Microvalve*, and the *Combovalve*. As a result of Axxiom's extensive use of these designations for its metering valves, it has developed common law trademark rights in these marks, and they indicate to the public that products bearing the marks come from a unique and trusted source.

16. Axxiom has used these trademarks for numerous years and has built up substantial valuable goodwill that is now embodied in these trademarks.

17. Furthermore, Axxiom has secured federal trademark registration for these marks, and owns and has the exclusive right to use the following trademarks registered with the United States Patent and Trademark office:

| Registration Number | Word Mark | Field of Use |
|---|---|---|
| 3,872,034 | **THOMPSON** | Abrasive-blasting apparatus—specifically control valves for regulating the flow of air and abrasive media for use in the abrasive blasting field. |
| 3,942,386 | **MICROVALVE** | |
| 3,839,479 | **COMBOVALVE** | |

18. These registered trademarks are valid, subsisting and in full force and effect. They are unique to Axxiom, and are intended to be exclusively associated with Axxiom products, thus assuring that when, for example, a customer buys what is described as a *Microvalve* or a *Thompson* valve, the customer is delivered a genuine Axxiom product.

19. Defendant John Doe d/b/a BlastingParts.com is a distributor of aftermarket abrasive blasting parts and equipment distributed via the website BlastingParts.com. It sells parts that are patterned after off-patent Axxiom products and which are intended to be used as replacements or substitutes for the Schmidt *Microvalve*, *Thompson* valve, and *Combovalve*.

20. In marketing these products, BlastingParts.com uses names that are deceptively similar to Axxiom's trademarks as shown in the following chart:

|  | Manually operated abrasive metering valve | Normally closed, automatically actuated abrasive metering valve | Dual actuating valve controlling air inlet and blow down lines |
|---|---|---|---|
| **Axxiom** Trademark | Microvalve® | Thompson® | Combovalve® |
| **BLASTINGPARTS.COM** Name | MicroValve | Thompson Valve | Combo Remote Valve |

21. The Defendant's use of deceptively similar names for abrasive blasting valves that look substantially similar and which perform similar functions as Plaintiff's valves causes confusion in the marketplace as to the actual source and sponsorship of Defendant's goods.

22. The Defendant has actual awareness of Axxiom trademarks, nevertheless it continues to deliberately and willfully draw on the goodwill generated by the Schmidt

brand by promoting, distributing, offering for sale and selling products in violation of Axxiom's rights.

23. Defendant's conduct is causing immediate and irreparable injury to Axxiom and to the goodwill, reputation generated by the Schmidt brand. Defendant will continue to deceive the public unless enjoined by this Court.

24. Defendant has committed these acts with the intent to deceive consumers and cause confusion in the marketplace as to the actual source and sponsorship of goods. These actions have occurred and are currently occurring within the geographical area covered by the United States District Court for the Southern District of Texas.

## I. Federal Trademark Infringement under 15 U.S.C. § 1114:
### The *Thompson* Mark

25. The word mark "Thompson" as applied to abrasive blasting equipment is a valid and legally protectable trademark registered with the United States Patent and Trademark Office, registration no. 3,872,034.

26. Plaintiff owns and has the exclusive right to use the Thompson trademark, and has and does use the trademark to identify its abrasive blasting valves.

27. Defendant uses the deceptively similar designation "Thompson Valve" in connection with offers to sell, and in the sale of abrasive blasting valves that look almost identical to the Axxiom Thompson valve, and which are designed to be substituted for the Axxiom Thompson valve. Defendant uses the Thompson Valve designation in a manner that is likely to confuse consumers.

28. Defendant's conduct is a deliberate and willful attempt to draw on the goodwill and commercial success of the Thompson trademark, and is an infringement of Plaintiff's rights in the trademark in violation of 15 U.S.C. § 1114.

## II.  Federal Trademark Infringement under 15 U.S.C. § 1114
### The *Microvalve* Mark

29. The word mark "Microvalve" as applied to abrasive blasting equipment is a valid and legally protectable trademark registered with the United States Patent and Trademark Office, registration no. 3,942,386.

30. Plaintiff owns and has the exclusive right to use the Microvalve trademark, and has and does use the trademark to identify its abrasive blasting valves.

31. Defendant uses the deceptively similar designation "MicroValve" in connection with offers to sell, and in the sale of abrasive blasting valves that look almost identical to the Axxiom Microvalve, and which are designed to be substituted for the Axxiom Microvalve.  Defendant uses the MicroValve designation in a manner that is likely to confuse consumers.

32. Defendant's conduct is a deliberate and willful attempt to draw on the goodwill and commercial success of the Microvalve trademark, and is an infringement of Plaintiff's rights in the trademark in violation of 15 U.S.C. § 1114.

## III.  Federal Trademark Infringement under 15 U.S.C. § 1114
### The *Combovalve* Mark

33. The word mark "Combovalve" as applied to abrasive blasting equipment is a valid and legally protectable trademark registered with the United States Patent and Trademark Office, registration no. 3,839,479.

34. Plaintiff owns and has the exclusive right to use the Combovalve trademark, and has and does use the trademark to identify its abrasive blasting valves.

35. Defendant uses the deceptively similar designation "Combo Remote Valve" in connection with offers to sell, and the sale of abrasive blasting valves that look

almost identical to the Axxiom Combovalve, and which are designed to be substituted for the Axxiom Combovalve.  Defendant uses the Combo Remote Valve designation in a manner that is likely to confuse consumers.

36. Defendant's conduct is a deliberate and willful attempt to draw on the goodwill and commercial success of the Combovalve trademark, and is an infringement of Plaintiff's rights in the trademark in violation of 15 U.S.C. § 1114.

### IV.  Unfair Competition Under 15 U.S.C. § 1125(a)

37. The Defendant sells and offers to sell abrasive blasting valves that use deceptively similar names, that look substantially similar, and which perform similar functions as Plaintiff's abrasive blasting equipment.

38. Defendant does this with the intent to confuse consumers and trade on Axxiom's reputation and good will.  These acts have caused and are likely to continue to cause confusion, mistake, or deception as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's products.

39. These deceptive actions have been made in interstate commerce and have the capacity to deceive a substantial segment of potential consumers, and they are likely to influence a consumer's purchasing decision.  The actions of Defendants' constitute Unfair Competition in violation of 15 U.S.C. § 1125(a).

### V.  Trademark Dilution Under 15 U.S.C. § 1125(c)

40. The word marks "Thompson," Microvalve," and "Combovalve" as applied to abrasive blasting equipment are famous and distinctive and entitled to protection against dilution by blurring.

41. Defendants' use of substantially similar names in connection with the sale of abrasive blasting valves has injured and will continue to injure Plaintiff's business

reputation, and have diluted the distinctive quality of Plaintiff's famous marks, and have lessened the capacity of these marks to identify and distinguish Plaintiff's goods in the marketplace.

42. As a result of this dilution, Plaintiff has suffered substantial damages, as well as the continuing loss of goodwill and reputation established by the marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless the offending conduct is enjoined.

### VI. Common Law Trademark Infringement

43. The word marks "Thompson," Microvalve," and "Combovalve" as applied to abrasive blasting equipment are valid and legally protectable trademarks.

44. Plaintiff owns and has the exclusive right to use these marks to identify its abrasive blasting products. Plaintiff has and does use these trademarks, and is the senior user of these marks to identify abrasive blasting products.

45. The Defendant uses the deceptively similar names, "Thomas," "Micro" or "Mikro" Valve, and "Combination Valve" to identify products that look similar and perform similar functions as Plaintiff's valves. Thus there is a likelihood of confusion as to the source of goods distributed by the Defendant.

46. Defendant's conduct constitutes common law trademark infringement under the laws of the state of Texas.

### Conditions Precedent

47. All conditions precedent to Plaintiff's right to recover as requested herein have occurred or been satisfied.

### Jury Demand

48.     Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

### Injuries and Irreparable Harm

49.     As a result of the acts complained of herein, Plaintiff has suffered actual and consequential damages, however, Plaintiff does not yet know the full extent of the damages caused by these actions and such extent cannot be ascertained except by discovery and special accounting, which it now seeks.

50.     Plaintiff seeks recovery of monetary damages, including Plaintiff's lost profits, Defendant's profits, Plaintiff's lost valuable good will, Defendant's unjust enrichment and all other benefits received by the Defendant as a result of its unlawful actions, costs of bringing this action, and any other damages to which Plaintiff may be entitled.

51.     Unless the Defendants are enjoined from the acts complained of, they will continue to infringe, and the Plaintiff will and the public will suffer irreparable harm for which there is no adequate remedy at law.  Therefore Plaintiff seeks injunctive relief enjoining Defendants from continuing their unlawful practices.

52.     Defendant knew of Plaintiff's marks prior to adopting the counterfeit marks it uses to sell its products, and its infringing actions were willful and deliberate.  Plaintiff is entitled to and seeks treble damages for use of counterfeit marks as provided for in 15 U.S.C. § 1117(b).  This also makes this an exceptional case, and Plaintiff is entitled to recover, and hereby requests that it recover, reasonable and necessary attorneys' fees under applicable law.

WHEREFORE, Plaintiff asks that Defendant be cited to appear and answer and, on final trial, that Plaintiff have judgment against Defendants for the following:

a. A permanent injunction enjoining the Defendants and any employees, agents, or entities controlled by the Defendants from using marks in violation of Plaintiff's rights;

b. An order pursuant to 15 U.S.C. § 1116 and § 1118 to deliver up for impounding all infringing materials in possession, custody or under the control of Defendants;

c. An award to Plaintiff of its damages, trebled pursuant to 15 U.S.C. § 1116 and § 1117 arising out of Defendants' willful trademark infringement and its use of counterfeit marks, or, in the alternative, statutory damages as provided for under the law;

d. Costs and attorneys' fees pursuant to 15 U.S.C. § 1117 and any other applicable statute or law;

e. Pre-judgment and post-judgment interest as allowed by law; and

f. All other relief in law or in equity to which Plaintiff may show itself justly entitled.

Respectfully submitted,

_____
W. Shawn Staples ▪ TBN 00188457
Stanley Frank & Rose
7026 Old Katy Rd., Suite 259
Houston, Texas 77024
Tel: 713-980-4381 ▪ Fax: 713-980-1179
wsstaples@stanleylaw.com
Attorney in Charge for Axxiom Manufacturing, Inc.